IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEWAYNE CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-775-SLP |
| | ) |
| CORECIVIC, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, a federal prisoner proceeding pro se, filed an Amended Complaint [Doc. No. 24], on December 8, 2025. On December 9, 2025, Magistrate Judge Chris M. Stephens issued an Order [Doc. No. 25] striking the Amended Complaint as untimely. *See* [Doc. No. 25] at 1-2. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Plaintiff subsequently filed his Objections to the Magistrate Judge's Order Dated December 9, 2025 [Doc. No. 27] (Objection). For the reasons discussed below, Plaintiff's Objection [Doc. No. 27] is DENIED.

Under Rule 72(a), a district court will only "modify or set aside any part of the [magistrate judge's non-dispositive pretrial] order that is *clearly erroneous* or *contrary to law*." Fed. R. Civ. P. 72(a) (emphasis added); *Serpik v. Haro*, No. CIV-23-1093-R, 2025 WL 2434232, at *1 (Aug. 22, 2025). "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citing *United States v. United States Gypsum Co.*,

333 U.S. 364, 68 S. Ct. 525, 542, 92 L.Ed. 746 (1948)).  For purposes of rule 72(a), "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D. N.Y. 2000) (internal quotations and citations omitted).  While a pro se litigant is entitled to a liberal construction of their pleadings, pro se parties are still bound to "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)*; Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting the same).

   Plaintiff's Objection fundamentally involves the rule surrounding the timing of a pro se prisoner's submissions to a court, commonly known as the prison mailbox rule.  Generally, a prisoner's § 1983 filing is deemed to be filed on the date it has been given to a prison authorities for mailing, rather than the date of the Court's receipt.  *See Price v. Philpot*, 420 F.3d 1158, 1165 (2005).  An "inmate must attest that such a timely filing was made and has the burden of proof on this issue." *Id*. (citing *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004), *cert. denied*, 543 U.S. 1005 (2004).  On October 28, 2025, Defendant CoreCivic filed a Motion to Dismiss and Brief in Support [Doc. No. 28].  If Plaintiff wanted to file an amended complaint as a matter of course, Plaintiff's deadline to file such a pleading was November 21, 2025.  *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under Rule 12(b) . . . ."); Fed. R. Civ. P. 6(d) (adding an additional three days for a party to act if service is conducted by mail).

2

Although Plaintiff's Amended Complaint was dated November 20, 2025, Plaintiff's submission was first mailed to the United States District Court for the Eastern District of Oklahoma. *See* [Doc. No. 25] at 2, n. 1; [Doc. No. 27] at 3 ("Clark inadvertently addressed the envelope to the United States District Court for the Eastern District of Oklahoma rather than the Western District."). In a letter dated November 25, 2025, a clerk from the Eastern District of Oklahoma notified Plaintiff that the submissions were sent to the improper court and indicated that the submissions would be returned to Plaintiff. *See* [Doc. No. 24-4]. Plaintiff does not indicate in the Objection the date he received the documents back from the Eastern District of Oklahoma and the date he re-addressed the filings for this Court.[1] Plaintiff's Amended Complaint [Doc. No. 24] was filed in the Western District of Oklahoma on December 8, 2025. As such, the Magistrate Judge struck the Amended Complaint as untimely under Rule 15. *See* [Doc. No. 25] at 1-2.

Liberally construing the Objection, Plaintiff primarily raises two arguments to the Magistrate Judge's Order: (1) the Magistrate Judge's Order is contrary to Tenth Circuit precedent, and (2) the Magistrate Judge failed to equitably toll the deadline for his filing. *See* [Doc. No. 27] at 3-4. The Court will address each argument in turn.

Plaintiff argues that the Magistrate Judge's Order conflicts with the Tenth Circuit's decision in *Dunn v. White*, 880 F.2d 1188 (10th Cir. 1989). Plaintiff states that *Dunn*

---

[1] Plaintiff attached a declaration to his Objection which states "On . . . November 20, 2025, [Plaintiff] delivered [his] Amended Complaint to prison authorities at USP McCreary for mailing to the United States District Court in this case." *See* [Doc. No. 27-1] at 2. Even if Plaintiff had submitted this declaration with his Amended Complaint, Plaintiff fails to adequately explain why the Amended Complaint was first sent to the United States District Court for the Eastern District of Oklahoma and was not filed in this Court until December 8, 2025.

3

involved "a pro se Oklahoma prisoner [who] mistakenly mailed his federal filing to the wrong court and the [Tenth Circuit] held that such a good-faith intra-state mailing error did not defeat timeliness and excused the mistake." [Doc. No. 27] at 4.  The *Dunn* decision does not stand for such a factual scenario nor did the Tenth Circuit make such a finding.[2]  In *Dunn*, the district court refused to consider a pro se prisoner's objection to a magistrate judge's report and recommendation as it arrived at the district court outside of the ten-day deadline.  *Dunn*, 880 F.2d at 1190.  The Tenth Circuit instead accepted the arguments raised in the objection, as "plaintiff mailed his objections from prison in a timely fashion." *Id*.  The main issues on appeal in *Dunn* were the substantive constitutional arguments raised by Plaintiff.  There is no factual discussion indicating that the prisoner mailed his filings to a different district court.  Furthermore, other than the fact that the Tenth Circuit considered the arguments raised in the objection with the arguments raised on appeal, the *Dunn* court does not address the prisoner filing requirements.

     Plaintiff cites to no authority that demonstrates that the date a prisoner submits a motion to prison authorities for mailing to the incorrect district court is deemed to have been the date that the motion was filed in the correct district court.  Rather, the Tenth Circuit has found the opposite in a similar context.  *See Pierce v. Romero*, 295 Fed. Appx. 265, at *2 (10th Cir. 2008) (unpublished); *see also Blake v. Aramark Corp*, 489 Fed. Appx. 267, 268 (10th Cir. 2012) (finding notice of appeal was untimely when prisoner first mailed notice of appeal to state court).  The *Pierce* decision involved a state prisoner, appearing

---

[2] The Court admonishes Plaintiff that any further mischaracterizations of facts and/or case law may result in the imposition of sanctions.  *See* Fed. R. Civ. P. 11(b), (c).

4

pro se, who filed a notice of appeal in response to a denial of his habeas petition. *Id*. at *1. Instead of mailing the notice of appeal to the district court, the prisoner first mailed the notice of appeal to the Court of Appeals for the Federal Circuit. *Id*. The Federal Circuit returned the notice of appeal to the prisoner, who proceeded to mail the submission to the proper district court. *Id*. Despite the initial mailing to the Federal Circuit being before the deadline to file the notice of appeal, the Tenth Circuit deemed it untimely as the Federal Circuit returned the submission, rather than filing the notice of appeal and transferring it to the district court. *Id*. at *2. The Court finds the analysis in *Pierce* persuasive as to the circumstances in the present matter. The District Court for the Eastern District of Oklahoma did not accept Plaintiff's Amended Complaint. Rather, the Eastern District of Oklahoma returned the Amended Complaint to Plaintiff to be filed in the proper court. Thus, the Court does not find that the Magistrate Judge's Order is "contrary" to the relevant law.

Plaintiff also argues that it was error for the Magistrate Judge to not equitably toll the deadline for his filing. Plaintiff argues that the Supreme Court's decision in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993) supports application of equitable tolling in the context of the present case. In *Pioneer*, the Supreme Court analyzed equitable tolling principles under Rule 9006 of the Federal Rules of Bankruptcy Procedure. *Pioneer,* 507 U.S. at 389. While the *Pioneer* decision generally discusses the application of equitable tolling principals in other contexts, *see Id*. at 390-92, Plaintiff cites to no authority for the application of equitable tolling when

a submission is mailed to the incorrect court. Furthermore, the Tenth Circuit decisions in *Pierce* and *Blake* also cast doubt on the application of the doctrine in Plaintiff's circumstances. *See supra*. Plaintiff provides no sufficient reasoning for the untimeliness of the mailing to the proper court, even considering his status as a federal prisoner appearing pro se. Because Plaintiff has not brought forth any authority supporting the proposition raised in the Objection, the Court does not find the Magistrate Judge's Order to be "contrary to law" nor "clearly erroneous."[3]

IT IS THEREFORE ORDERED Plaintiff's Objection [Doc. No. 27] is DENIED.

IT IS SO ORDERED this 22nd day of December, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[3] The Magistrate Judge's Order does not entirely rule out amendment of the Complaint. As the Magistrate Judge noted, Plaintiff may seek leave of the Court to amend his complaint if the "original complaint survives Defendant CoreCivic's motion to dismiss." Order [Doc. No. 25] at 2.