**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DEWAYNE CLARK,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC, INC.; UNKNOWN CORECIVIC EMPLOYEE (DRIVER); and UNKNOWN CORECIVIC MEDICAL STAFF (1-5),<br><br>Defendants. | ) | Case No. CIV-25-775-SLP |

**O R D E R**

Before the Court is Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) [Doc. No. 34]. Defendant CoreCivic, Inc. (CoreCivic) has responded, *see* [Doc. No. 36], and the Plaintiff replied, *see* [Doc. No. 37].[1] Upon review and for the reasons discussed below, Plaintiff's Motion is DENIED.

Also before the Court is the Report and Recommendation [Doc. No. 32] (R&R), issued by United States Magistrate Judge Chris Stephens pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a federal prisoner appearing pro se, seeks civil rights relief, alleging violations of his federal constitutional rights under 42 U.S.C. § 1983. The Magistrate Judge recommends converting CoreCivic's Motion to Dismiss [Doc. No. 20]

[1] Also pending is Plaintiff's Motion for Reconsideration [Doc. No. 39]. Plaintiff requests that the Court vacate its April 28, 2026 Order [Doc. No. 38] striking Plaintiff's reply brief [Doc. No. 37]. Defendant did not file a response to the Motion for Reconsideration. Upon review, the Court finds vacation of its April 28, 2026 Order is warranted. Accordingly, the Court vacates its Order [Doc. No. 38] and Plaintiff's reply brief [Doc. No. 37] is deemed filed.

into a motion for summary judgment, and that summary judgment should be granted in favor of CoreCivic for Plaintiff's failure to exhaust administrative remedies as required by Oklahoma law. The Magistrate Judge further recommends that summary judgment should be granted as to the remaining Defendants named in Plaintiff's Complaint [Doc. No. 1].[2]

Plaintiff has filed an Objection [Doc. No. 33] to the R&R. Accordingly, the Court must make a de novo determination of those issues specifically raised by the Objection, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For the reasons discussed below, the Court ADOPTS the Report & Recommendation [Doc. No. 32] and summary judgment is entered in favor of CoreCivic, Unknown CoreCivic Employee, and Unknown CoreCivic Medical Staff 1-5.

## I. <u>Background</u>

At the time of the events giving rise to the lawsuit, Plaintiff was incarcerated at Cimarron Correctional Facility (CCF) in Cushing, Oklahoma, a private prison owned and operated by CoreCivic. Plaintiff alleges that he was seriously injured during a prison transport accident on September 25, 2024, while he was in CoreCivic's custody. Plaintiff further alleges that CoreCivic and employees of CoreCivic were negligent in the operation and maintenance of the prison transport vehicle and provided negligent medical care after the incident. Plaintiff also alleges CoreCivic was negligent in the hiring, training, and

[2] Plaintiff has previously sought amendment of the Complaint to include two other defendants not named in the original Complaint. *See*, *e.g.*, Order [Doc. No. 25] at 2. The R&R only discusses the dismissal of the Defendants named in the original Complaint [Doc. No. 2]. *See* R&R [Doc. No. 32] at 17-18.

supervision of its employees. Lastly, Plaintiff alleges CoreCivic and its employees engaged in a civil conspiracy to withhold his medical records.

Plaintiff filed this action on July 9, 2025, naming CoreCivic, Unknown CoreCivic Employee (Driver), and Unknown CoreCivic Medical Staff 1-5 as Defendants.[3] Plaintiff brings Oklahoma-law-based claims of (1) negligence, (2) negligence per se, (3) gross negligence, (4) medical negligence, (5) negligent hiring, training, and supervision, and (6) civil conspiracy. On August 1, 2025, the Court ordered Plaintiff to serve CoreCivic and directed CCF officials to file a Special Report. *See* [Doc. No. 12] at 1-2. CoreCivic contemporaneously filed the Special Report on behalf of CCF and a motion to dismiss on the basis of Plaintiff's failure to exhaust administrative remedies prior to filing suit. *See* [Doc. Nos. 19 and 20]. Plaintiff subsequently filed an objection to the Special Report and a response to the Motion to Dismiss. *See* [Doc. Nos. 21 and 22]. Defendant proceeded to file a reply brief to the Motion to Dismiss, to which Plaintiff filed a sur-reply brief in response. *See* [Doc. Nos. 26 and 31].

On March 23, 2026, prior to the Court's ruling on the R&R, Plaintiff filed a Motion for Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) [Doc. No. 34]. On April 15, 2026, Plaintiff also initiated a second action in this Court based on the same facts giving rise to the present action. *See generally* Complaint, *Clark v. CoreCivic*

[3] This action was originally filed in the United States District Court for the Northern District of Oklahoma. The case was subsequently transferred to this Court on July 14, 2025. *See* [Doc. No. 7].

*Inc.*, No. 5:26-cv-00810-SLP, ECF No. 1.[4] In *Clark II*, Plaintiff names CoreCivic, Ryan Murrell, Matthew Osborn, Dewayne Osborn, and Unknown CoreCivic Medical Staff 1-5 as Defendants. Defendant Ryan Murrell (Murrell) is alleged to have been the CoreCivic employee operating the prison transport vehicle at the time of the collision. *See id*. at 4, ¶ 7. Defendant Matthew Osborn (Osborn) was alleged to have been operating another vehicle at the time of the subject accident. *See id*. at 4-5, ¶ 8. Defendant Dewayne Osborn is alleged to be the owner of the vehicle Osborn was operating. *See id*. at 5, ¶ 9. Plaintiff alleges that Osborn was negligent in the operation of his vehicle when he attempted to overtake a vehicle, resulting in him crossing the center line of the roadway and in front of the prison transport vehicle, which was traveling in the opposite direction toward Osborn's vehicle. *See id*. at 6, ¶¶ 15-16.

Relevant to this matter, Plaintiff brings similar negligence, gross negligence, and negligence per se claims against Ryan Murrell in *Clark II* and Unknown CoreCivic Employee (Driver) in the present action. Likewise, similar negligence, gross negligence, as well as negligent hiring, training, and supervision claims are brought against CoreCivic in *Clark II* and the present action. Lastly, Plaintiff brings a similar medical negligence claim against Unknown CoreCivic Medical Staff 1-5 in both actions.

## II. <u>Voluntary Dismissal</u>

Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss an action at the plaintiff's request "on terms that the court considers proper." Rule 41(a)(2) functions

[4] For ease of reference, the Court refers to the second action as *Clark II*.

"to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005). District courts generally grant Rule 41(a)(2) dismissals "[a]bsent 'legal prejudice' to the defendant." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). When examining legal prejudice, courts consider "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.*

Plaintiff first seeks dismissal due to "procedural complications arising from the exhaustion issues addressed in the Report and Recommendation." Mot. [Doc. No. 34] at 2. In a similar context as the present matter, the Tenth Circuit has found that a voluntary withdrawal of a habeas corpus petition, filed after the issuance of a report & recommendation, was improper where the petitioner's reason for withdrawal was futile in light of the reasons stated in the report & recommendation. *See Hurd v. Mondragon*, 851 F.2d 324, 328-29 (10th Cir. 1988). In *Hurd*, the Tenth Circuit noted:

> [a]lthough the request to withdraw the petition came before there was final disposition of the petition by the district court, it came after the magistrate had filed his report. Hence, although the final resolution of the matter was not set in concrete at the time the motion to withdraw was filed, there was nonetheless some rather clear handwriting on the wall in the form of the magistrate judge's report. Under such circumstances, the district court did not abuse its discretion in denying the motion to withdraw petition.

*Id.* at 329. Typically, a dismissal without prejudice is permitted in instances where a report and recommendation determines that a plaintiff has failed to exhaust administrative

remedies to give plaintiff the opportunity to cure such deficiency. *See Clark v. Tansy*, 13 F.3d 1407, 1412 (10th Cir. 1993); *see also Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). However, Plaintiff is not seeking voluntary dismissal to exhaust his administrative remedies. Instead, Plaintiff seeks to plead facts to *excuse his failure* to exhaust administrative remedies. This is apparent in the Complaint filed by Plaintiff in the *Clark II* action. *See* Complaint, ¶¶ 24-32, *Clark v. CoreCivic Inc.*, No. 5:26-cv-00810-SLP, ECF No. 1. Plaintiff alleges in the Complaint of *Clark II* that "the administrative grievance process at CCF was not actually available . . . . Any such process was functionally unavailable due to a combination of Clark's severe medical incapacitation, the conduct of CCF staff, and the structural impossibility of initiating a grievance after his transfer out of CoreCivic custody." *Id.* at ¶ 24. Such allegations mirror the exhaustion arguments that Plaintiff raised in his briefing related to Defendant's Motion to Dismiss and in his Objection to the R&R in this matter. *See* Resp. [Doc. No. 22] at 3-6, 9-15; Sur-Resp. [Doc. No. 31] at 3-6; Obj. [Doc. No. 33] at 3-4. Allowing dismissal of this action would only result in duplicative motion practice as to exhaustion of administrative remedies in the second action. Furthermore, as discussed more fully in the Report and Recommendation [Doc. No. 32] and below, the Court has found that Plaintiff's arguments as to exhaustion are without merit. To the extent Plaintiff seeks voluntary dismissal to plead excusal of his failure to exhaust, the Court finds such reasoning does not warrant dismissal.

Plaintiff also seeks to pursue claims against Matthew Osborn and Dewayne Osborn, who are not named as parties in the present action. *See* Mot. [Doc. No. 34] at 2. The Court finds letting Plaintiff pursue the claims against Matthew Osborn and Dewayne Osborn in *Clark II* will best promote judicial economy and is in the interest of justice. The existence of two additional defendants who are unrelated to Defendant CoreCivic necessarily require either the amendment of the Complaint in this matter or the initiation of a second suit naming the two defendants, which Plaintiff has done. Plaintiff may pursue his claims against Matthew Osborn and Dewayne Osborn in *Clark II*. However, for the reasons discussed below, pursuing claims against CoreCivic, Unknown CoreCivic Employee (Driver), and Unknown CoreCivic Medical Staff 1-5 would be futile as Plaintiff failed to exhaust his remedies via Okla. Stat. tit. 57, § 566.5.

The Court finds that Plaintiff's justifications for voluntary dismissal are insufficient. Accordingly, the Court finds that Plaintiff is not permitted to voluntarily dismiss the present action.

## III. Plaintiff's Objections to Report & Recommendation

Plaintiff first objects to the Magistrate Judge's conclusion that the Prison Litigation Reform Act (PLRA) does not apply to state-law claims. *See* Obj. [Doc. No. 33] at 2-3. The PLRA explicitly states that "[n]o action shall be brought with respect to prison conditions **under [42 U.S.C. § 1983], or any other Federal law**, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The Court concurs with

the Magistrate Judge that "[b]y its plain terms, the PLRA does not apply to state-law based claims." R&R [Doc. No. 32] at 8 (quoting *Jennings v. Dowling*, No. CIV-14-335-C, 2015 WL 12915603, at *2 (W.D. Okla. Mar. 31, 2015)); *see also Torres v. Corrections Corp. of America*, 372 F. Supp. 2d 1258, 1263 (N.D. Okla. 2005) (finding prisoner's "state law claim of negligence does not fall within the ambit of § 1997e"). Plaintiff asserts that the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007) stands for the proposition that the PLRA governs all "prisoner claims filed in federal court." Obj. [Doc. No. 33] at 2. Upon careful review of the decision, nowhere does the Court in *Jones* hold that the PLRA applies to state law claims.

Plaintiff does not bring any § 1983 claims against the Defendants, nor does Plaintiff bring claims under any other federal law. Plaintiff's Complaint brings claims only under Oklahoma law relating to various theories of negligence and civil conspiracy. The Court concurs with the Magistrate Judge's findings that the PLRA does not apply to the claims brought by Plaintiff. It was therefore proper for the Magistrate Judge to analyze Plaintiff's claims under Oklahoma's state exhaustion law requirements provided in Okla. Stat. tit. 57, § 566.5.

Next, Plaintiff objects on the basis that he was not provided with adequate notice under Fed. R. Civ. P. 12(d) that CoreCivic's Motion would be converted into a motion for summary judgment. *See* Obj. [Doc. No. 33] at 3-4. Plaintiff's objection as to this issue is not well taken. Rule 12(d) provides:

> [i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court,

> the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Plaintiff is correct that notice is typically provided to the parties prior to conversion. *See Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005). However, none of the Tenth Circuit authority cited by Plaintiff stands for his proposition that the notice contained in the Order Requiring Service and Special Report [Doc. No. 12] is insufficient. Furthermore, Plaintiff cannot claim that he was prejudiced by any purported lack of notice. *See Nichols v. U.S.*, 796 F.2d 361, 364 (10th Cir. 1986) ("Where a party has responded in kind to the movant's attempt to convert the motion, that party cannot later claim unfair surprise."). In response to CoreCivic's Motion, Plaintiff first argues that the Court should analyze CoreCivic's Motion under a summary judgment standard. *See* Pltf.'s Resp. [Doc. No. 22] at 6-7. In a section titled "Because the Defendant Relies on Evidence Outside the Pleadings, Its Motion Must be Treated as One for Summary Judgment," Plaintiff states that CoreCivic's Motion must "be analyzed under the summary judgment framework" because it "relies on evidence beyond the complaint." *See id*. It is self-evident that Plaintiff was on notice that the Magistrate Judge would likely convert CoreCivic's Motion into a motion for summary judgment when Plaintiff himself acknowledges and requests such a conversion in his response brief. Accordingly, the Court finds that the Magistrate Judge correctly converted CoreCivic's Motion into a motion for summary judgment.

Plaintiff next objects on the basis that the Magistrate Judge "improperly resolve[d] the factual dispute over his medical incapacitation . . . ." Obj. [Doc. No. 33] at 5. However, Plaintiff's argument is threadbare and fails to meaningfully address the Magistrate Judge's findings and conclusions. *See id*. The Magistrate Judge engaged in an analysis of whether there was a genuine dispute of fact as to (1) the availability of a grievance process to Plaintiff and (2) whether Plaintiff exhausted such grievance process. *See* R&R [Doc. No. 32] at 9. While Plaintiff's arguments focus on medical incapacitation, he does not demonstrate how such arguments are relevant to the Magistrate Judge's findings and conclusions as to exhaustion. For example, Plaintiff does specifically address the Magistrate Judge's finding that his medical incapacity did not render the grievance process unavailable as there was "no genuine issue of material fact related to Plaintiff's access to grievance forms at Defendant's facility from October 1, 2024, through November 27, 2024." *Id*. at 14. Nor does Plaintiff address the Magistrate Judge's finding that there was no genuine dispute of fact that the grievance process at CCF was available to Plaintiff after his transfer from the facility. *See id*. at 16-17. Plaintiff fails to address the Magistrate Judge's findings and conclusions as to administrative exhaustion, which were based on facts independent of Plaintiff's medical incapacitation. The Court finds that Plaintiff does not demonstrate the Magistrate Judge erred in finding there was no genuine dispute of fact as to issues central to administrative exhaustion.

Plaintiff also cites to the Supreme Court's decision in *Perttu v. Richards*, 605 U.S. 460 (2025) for the proposition "that when factual disputes concerning PLRA exhaustion

are intertwined with the merits of a prisoner's claim, those disputes must be resolved by a jury rather than the court." Obj. [Doc. No. 33] at 5. However, the Magistrate Judge specifically addressed the inapplicability of *Perttu* to Plaintiff's claims. *See* R&R [Doc. No. 32] at 13. As discussed above, the PLRA is not applicable to Plaintiff's claims. Furthermore, Plaintiff makes no specific objection to the Magistrate Judge's finding that *Perttu* was also inapplicable as "Plaintiff alleges no claim related to destruction of grievance forms or retaliation by Defendant or its employees with CCF's grievance process." *Id.* The Court agrees that *Perttu* is inapplicable in these circumstances. Accordingly, the Court concurs with the Magistrate Judge's findings and conclusions that Plaintiff's failure to exhaust his administrative remedies barred his claims, and that CoreCivic was entitled to judgment as a matter of law.

Lastly, Plaintiff objects to the Magistrate Judge's recommendation that the Court grant summary judgment to Defendant Unknown CoreCivic Employee and Defendants CoreCivic Medical Staff 1-5. Plaintiff argues that it was improper to grant summary judgment in favor of these Defendants as "[s]tandard tort claims against private third-party citizens for a highway accident have nothing to do with prison life" and such claims them are not subject to exhaustion requirements. *See* Obj. [Doc. No. 33] at 6. Plaintiff cites to no on-point authority for his proposition, citing only to the Supreme Court's decision in *Porter v. Nussle*, 534 U.S. 516 (2002). Plaintiff's reliance on *Porter* is misplaced as the case only discusses the applicability of the PLRA's exhaustion requirements. *See Porter*, 534 U.S. at 532 ("we hold that the PLRA exhaustion requirements applies to all inmate

suits about prison life"). Defendant Unknown CoreCivic Employee and Defendants CoreCivic Medical Staff 1-5 were employees and/or agents of CoreCivic during the relevant time period. *See*, *e.g.*, Compl. [Doc. No. 2] at 4. The exhaustion requirements of § 566 apply to claims brought against individuals who were acting on behalf of CoreCivic. *See* Okla. Stat. tit. 57 § 566(A) ("Any action by an inmate initiated against any person" may be dismissed "if all administrative and statutory remedies available to the inmate have not been exhausted in a timely manner"). Absent controlling authority to the contrary, the Court concurs with the Magistrate Judge's recommendation of granting summary judgment as to the unserved CoreCivic employee Defendants.

## IV. Plaintiff's Further Mischaracterization of Case Law

The Magistrate Judge noted at least **five** unique instances of Plaintiff's mischaracterization of case law in his briefing in this matter. *See* R&R [Doc. No. 32] at 18-20. The Court agrees with the Magistrate Judge that such mischaracterizations are likely the result of Plaintiff's use of generative artificial intelligence (AI) software to assist in the drafting of his materials. *See id*. at 19 n. 6. Plaintiff was previously admonished by this Court "that any further mischaracterizations of facts and/or case law may result in the imposition of sanctions." *See* Order [Doc. No. 29] at 4 n. 2. The Magistrate Judge also warned Plaintiff that it is his "responsibility to ensure that citations to legal authority are not fabrications but instead point to real cases that at least arguably stand for the propositions for which they are cited." R&R [Doc. No. 32] at 20 (quoting *Dodds v. Bridges*, No. 25-7021, 2026 WL 380194, at *6 (10th Cir. Fed. 11, 2026)).

Despite previous admonishments in this case, the Court notes that Plaintiff has made further mischaracterizations of case law in his Objection. The Court provides the following examples:

- Plaintiff states that "[t]he PLRA's mandatory exhaustion requirement … applies to all actions brought by prisoners in federal court concerning prison conditions, **irrespective of whether the claims arise under state or federal law**. The Supreme Court's controlling decision in *Jones v. Bock*, 549 U.S. 199 (2007), is dispositive on this point." *See* Obj. [Doc. No. 33] at 2 (emphasis added). The Court in *Jones* discusses the exhaustion requirements of the PLRA, but the decision in no way stands for Plaintiff's expansive proposition.
- Plaintiff states "Tenth Circuit precedent is clear that notice must be provided after the extrinsic materials have been filed, giving the non-movant a specific warning that the court is converting the motion and a clear deadline to submit responsive evidence. *See Wheeler v. Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987)." Obj. [Doc. No. 33] at 4. The *Wheeler* decision does not stand for such proposition. Contrary to Plaintiff's proposition, the Tenth Circuit in *Wheeler* clearly noted "[w]e have previously held that when a party submits material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion." *Wheeler*, 825 F.2d at 260.

Despite Plaintiff's pro se status, Plaintiff still has a responsibility to ensure that the authority he relies on stands for the proposition that he seeks to cite the authority for. *See* Fed. R. Civ. P. 11(b). The Tenth Circuit has repeatedly held that mischaracterization of case law may result in the imposition of sanctions, including dismissal. *See Moore v. City of Del City*, No. 25-6002, 2025 WL 3471341, at *3 (10th Cir. Dec. 3, 2025) ("clearly misrepresenting what a case stands for [is] the antithesis of citing to supporting authority"); *see also Amarsingh v. Frontier Airlines, Inc.*, No. 24-1391, 2026 WL 352016, at *7 (10th Cir. Feb. 9, 2026) ("[c]ourts have issued a variety of sanctions against attorneys and pro se parties for similar misconduct, including . . . dismissing complaints"); *Biglow v. Dell Technoligies Inc.*, No. 25-3007, 2026 WL 813756, at *8 (10th Cir. Mar. 24, 2026) ("We can sanction litigants who make such misrepresentations, including by dismissing their appeals.") (citations omitted). Plaintiff is admonished that any further misrepresentations to the Court, in this action or any other future action, **will** result in the imposition of sanctions, including the possibility of striking filings containing misrepresentations and/or dismissal.

## V. **Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) [Doc. No. 34] is DENIED.

IT IS FURTHER ORDERED that the Report & Recommendation [Doc. No. 32] ADOPTED in its entirety. Defendant CoreCivic, Inc.'s Motion to Dismiss [Doc. No. 20] is converted into a motion for summary judgment under Fed. R. Civ. P. 56. The Court

GRANTS summary judgment in favor of Defendants CoreCivic, Inc., Unknown CoreCivic Employee (Driver) and Unknown CoreCivic Medical Staff (1-5).

A separate judgment of dismissal shall be entered contemporaneously with this Order.

IT IS SO ORDERED this 8th day of September, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**